Slip Op. 16-61

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>                                Plaintiff,<br><br>    v.<br><br>LESLIE M. TOTH and LBS MARKETING,<br>INC.,<br><br>                                Defendants. | Before: Richard W. Goldberg, Senior Judge<br>Court No. 15-00206 |

## OPINION AND ORDER

[The court dismisses Counts II and III.]

Dated: June 20, 2016

*Stephen C. Tosini*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Plaintiff.  With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director.  Of counsel on the brief was *Lawrence J. Lucarelli*, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, of Seattle, WA.

*Lewis E. Leibowitz*, The Law Office of Lewis E. Leibowitz, of Washington, DC, for Defendant Leslie M. Toth.

Goldberg, Senior Judge:  The Government alleges that, in 2004 and 2005, Leslie M. Toth and LBS Marketing, Inc. ("Defendants") entered merchandise produced in China and misclassified the merchandise as langostino instead of crawfish meat.[1]  Compl., ECF No. 2. Crawfish meat from China was subject to antidumping duties.  *Id.*  U.S. Customs and Border Protection ("CBP") concluded that Defendants knew that the merchandise was crawfish meat subject to antidumping duties.  *Id.*  For that reason, in 2010, CBP issued to Defendants a pre-

---

[1] For purposes of resolving this USCIT Rule 12(b)(6) motion to dismiss, the court assumes the truth of all factual allegations in the Complaint.  *Amoco Oil Co. v. United States*, 234 F. 3d 1374, 1376 (Fed. Cir. 2000).

penalty notice, and later a penalty notice, finding that Defendants' misclassification of the merchandise was fraudulent.  *Id.*

On July 31, 2015, the Government filed a Complaint in this court to enforce the 2010 penalty notice against Defendants.  The Complaint contains three separate counts relating to Defendants' culpability for the misclassification.[2]  Count I alleges that the misclassification was "the result of fraud" because the Defendants "knowingly misclassified the subject crawfish entries as duty free langostino."  *Id.*  Count II alleges that, if the misclassification was "not the result of fraud, then [it was] the result of gross negligence . . . because [Defendants] misclassified the subject crawfish entries as duty free langostino with reckless disregard for the law."  *Id.* Alternatively, Count III alleges that, if the misclassification was not "the result of fraud or gross negligence, then [it was] the result of negligence . . . because [Defendants] failed to exercise reasonable care in misclassifying the subject crawfish entries as duty free langostino."  *Id.*

Next, the individual Defendant Toth filed a partial motion to dismiss Counts II and III under USCIT Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Def.'s Partial Mot. to Dismiss, ECF No. 11.  Toth argues that this court must dismiss Counts II and III pursuant to *United States v. Nitek Electronics, Inc.*, 806 F.3d 1376 (Fed. Cir. 2015), because the Government failed to exhaust its administrative responsibilities on these counts as detailed in 19 U.S.C. § 1592 (2012).  *Id.*  In response, the Government requests a voluntary remand to allow CBP to fulfill its administrative responsibilities.  Gov't Resp. to Def.'s Mot. to Dismiss, ECF No. 14.  For the reasons explained below, the court grants Toth's motion.

---

[2] The Complaint also includes a fourth Count seeking the restoration of unpaid duties pursuant to 19 U.S.C. § 1592(d) (2012).

## <u>DISCUSSION</u>

The Government filed the Complaint to recover unpaid duties and a penalty pursuant to 19 U.S.C. § 1592.  Section 1592(a) states that no person may, through fraud, gross negligence, or negligence, use material and false information to enter merchandise.  Section 1592(b) creates a process for CBP to use to remedy violations of Section 1592(a).  Section 1592(b) states that if CBP "has reasonable cause to believe" that an importer violated § 1592(a), CBP shall issue a pre-penalty notice to the importer.  Among a list of other required disclosures, the pre-penalty notice must inform the importer "whether the alleged violation occurred as a result of fraud, gross negligence, or negligence."  19 U.S.C. § 1592(b)(1)(A).  In addition, the pre-penalty notice must inform the importer that it "shall have a reasonable opportunity to make representations, both oral and written, as to why" CBP should not issue "a claim for a monetary penalty . . . in the amount stated."  *Id.*  After considering these representations, if CBP concludes that the importer violated § 1592(a), CBP "shall issue a written penalty claim" to the importer.  19 U.S.C. § 1592(b)(2).  The penalty claim, or "penalty notice," must "specify all changes in the information provided" in the pre-penalty notice, which, as explained earlier, includes a disclosure of the finding of the level of culpability.  *Id.*  The importer may then make additional representations to remove or mitigate the monetary penalty.  *Id.*  If CBP still believes the importer violated § 1592(a), CBP provides a written statement explaining "the final determination and the findings of fact and conclusions of law on which" CBP bases its penalty determination.  *Id.*  After CBP completes the foregoing steps, § 1592(e) allows the Government to file a complaint with this court to recover the monetary penalty developed through the above process.

Here, Toth explains that the pre-penalty notice and subsequent penalty notice at issue indicate that the level of culpability is "fraud."  Def.'s Mot. 2, ECF No. 11.  CBP never informed

Toth of a change to the level of culpability in the penalty at issue, as would be required under

§ 1592(b)(2) if CBP had changed or added a level of culpability.  Accordingly, "it is clear that

[CBP] determined that the level of culpability was fraud, and not negligence or gross

negligence." *Id.*  Thus, the "Complaint in this case is solely grounded on enforcement of [the

above penalty notice] alleging fraud." *Id.* at 3.

On that basis, Toth argues that the Federal Circuit's decision in *Nitek* requires dismissal

of Counts II and III, which allege a level of culpability of gross negligence and negligence,

respectively.  Toth asserts that *Nitek* "held that a [CBP] penalty alleging a specific degree of

culpability does not support a claim in this Court for a lesser degree of culpability."  Thus, Toth

asserts that "relief in this case may be based [on] a finding by this Court of fraud.  The lesser

degrees of culpability (negligence or gross negligence) may not form the basis of relief in this

case." *Id.*

Toth is correct that under *Nitek* this court may not consider Counts II and III because

these counts involve levels of culpability that CBP did not allege in the 2010 pre-penalty or

penalty notices at issue.  In *Nitek*, the Federal Circuit affirmed this court's decision to grant a

USCIT Rule 12(b)(6) motion to dismiss counts involving levels of culpability that CBP failed to

allege in the underlying penalty notice.  806 F.3d at 1382.  The court reasoned that

> [t]he language of the statute and the legislative history support a reading that
> penalty claims based on fraud, gross negligence, or negligence are separate claims
> and the [Government] cannot independently enforce a penalty claim in court for a
> culpability level that was not pursued administratively by [CBP]. . . . This means
> that each culpability level is a separate claim and [CBP] chooses which culpability
> level or levels to assert against the importer.

*Id.* at 1380.  And the Government has no "power to independently bring a claim that [CBP] did

not allege." *Id.*  Consequently, if not addressed in the underlying penalty notice, claims based on

gross negligence and negligence "simply do[] not exist" before this court. *United States v. Nitek*

*Elecs., Inc.*, 36 CIT __, __, 844 F. Supp. 2d 1298, 1306 (2012); *see also Nitek*, 806 F.3d at 1382

(concluding that this court properly dismissed claim based on negligence "because such a claim

did not exist at the administrative level").

CBP failed to pursue Counts II and III in the underlying administrative penalty

proceeding and, by extension, the counts do not exist before this court.[3]  To that end, Counts II

and III do not state claims for which relief can be granted in this court and, therefore, the court

dismisses these counts.

For its part, the Government admits that "[u]nder *Nitek*, CBP can no longer count on

automatic inclusion of all lesser-included culpability levels within the level of culpability

asserted in a section 1592 penalty notice."  Gov't Resp. 4.  But the Government argues that,

rather than dismiss Counts II and III as the court did in *Nitek*, the court should here grant a

voluntary remand for CBP to decide whether to "amend the penalty notice by" adding culpability

levels of gross negligence or negligence or both.  *Id.*  The Government argues that the "Federal

Circuit has made clear that voluntary remands absent bad faith should be freely given when an

agency changes its practice with respect to a statute."  *Id.* at 4.  According to the Government,

"CBP's understanding before *Nitek* was that lesser-included culpability levels were included

within a penalty notice.  Given that this understanding conflicts with *Nitek*, the correct course is a

remand."  *Id.*  As support, the Government cites *SKF USA Inc. v. United States*, 254 F.3d 1022,

1030 (Fed. Cir. 2001).

---

[3] In 2009, CBP pursued § 1592 claims against Defendants based on penalty notices alleging gross negligence and negligence (both at the administrative level and before this court).  Gov't Resp. 1–4.  The 2009 claims related to the same entries underlying the claims here.  The Government dismissed the complaint in the 2009 case without prejudice.  *Id.* at 2–3.  Neither party argues that the penalty notices preceding the 2009 claims alter the effect of *Nitek* on Counts II and III here.  Indeed, the Government states that "[t]he Court need not address the question whether the 2008 penalty notice that preceded [the 2009 case], which alleged gross negligence and negligence[,] remains in force and thus would address the issues presented in *Nitek*."  *Id.* at 4 n.1.  The court does not, therefore, address this argument.

The court denies the remand request.  In requesting a "voluntary remand," counsel for the Government overlooks the fact that his client is the plaintiff in this case.  Nevertheless, citing *SKF*, he analogizes this case to ones in which a private litigant sues the United States to challenge a decision of a government agency and, in response, the Government seeks a remand to reconsider the challenged agency decision.  Here, in this *de novo* proceeding that the Government brings against a private party, there *is* no challenged agency decision upon which the court may issue an order of remand.  Instead, because the case is in the pleading stage, the sole question now before the court is whether Counts II and III in the Complaint state claims upon which relief can be granted.  USCIT R. 12(b)(6).  In ruling on this motion, the court has two options:  It can deny or grant the motion.  There is no third option allowing the court to either (1) deny that claims exist but remand anyway or (2) refuse to grant or deny the motion but remand anyway.  The Government exhibits great chutzpah to propose this third option.  And the reason is clear.  *Nitek* mandates that the Government has no claims for gross negligence or negligence before this court, because those claims exist only if CBP developed them through the penalty claim pursued in this court.  Given that the Government has no claims under *Nitek*, and there is no relevant underlying agency proceeding or record, there is nothing to remand.[4]

---

[4]  The Government also raises the issue of Toth's alleged withdrawal of a waiver of the statute of limitations.  However, this waiver and alleged withdrawal do not relate to the Complaint before the court, which the Government filed before the expiration of a previous waiver of the statute of limitations.  Def.'s Reply Br. 5, ECF No. 15.  Thus, the waiver Toth allegedly withdrew relates solely to the Government's ability to pursue future claims not covered in this Complaint.  The court declines to address the issue of withdrawal of the waiver because it need not do so to resolve Toth's current USCIT Rule 12(b)(6) motion.

Accordingly, upon consideration of all papers and proceedings, it is hereby:

ORDERED that the Partial Motion to Dismiss, ECF No. 11, is GRANTED; it is further

ORDERED that Defendant Leslie M. Toth has 14 days from the date of this order to file

a responsive pleading on the remaining counts in the Complaint, ECF No. 2.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: June 20, 2016
New York, New York